IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, as Subrogee of Briggs & Stratton Power Products Group, LLC and Briggs & Stratton Corporation<br><br>        Plaintiff,<br><br>vs.<br><br><br>OSRAM SYLVANIA, INC. and OSRAM SYLVANIA PRODUCTS, INC.,<br><br>        Defendants. | No. 1:10-cv-01028-JDB-egb<br>JURY DEMAND<br>Judge J. Daniel Breen<br>Magistrate Edward G. Bryant |

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, Factory Mutual Insurance Company, as Subrogee of Briggs & Stratton Corporation and Briggs & Stratton Power Products Group, LLC and for its cause of action against Defendants, Osram Sylvania, Inc. and Osram Sylvania Products, Inc., would state unto the Court as follows:

## THE PARTIES

1.      The Plaintiff, Factory Mutual Insurance Company (hereinafter "Factory Mutual") is a Rhode Island corporation with its principal place of business located at 270 Central Ave., P.O. Box 7500, Johnson, Rhode Island 02919. At all times relevant hereto, Factory Mutual was in the business of selling and providing business and property insurance coverage throughout the United States.

2.      At all times relevant hereto, Factory Mutual provided business and property insurance to Briggs & Stratton Corporation and Briggs & Stratton Power Products Group, LLC

277157.1

(hereinafter "Briggs & Stratton"), against losses arising from certain hazards to property and business located at 1 Bekaert Road, Dyersburg, Tennessee 38024.  This insurance was provided and issued under Factory Mutual Policy No. FC689 (the "Policy").

3. The Defendant, Osram Sylvania, Inc., is a Delaware corporation with its principal office located at 100 Endicott Street, Danvers, Massachusetts 01923. The registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. The Defendant, Osram Sylvania Products Inc., is a Delaware corporation with its principal office located at 100 Endicott Street, Danvers, Massachusetts 01923. The registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that defendants transact business in this district and a substantial part of the events giving rise to this claim occurred within this District.

## FACTUAL BACKGROUND

7. Briggs & Stratton used a storage warehouse (hereinafter "the Warehouse") located at 1 Bekaert Rd., Dyersburg, Tennessee 38024 to store lawn mowers, snow blowers, and other products.

8. The Defendants designed and manufactured a Sylvania Lamp (hereinafter "the Lamp") that was installed in the Warehouse.

9. On December 1, 2008 the Lamp exploded, thereby releasing extremely hot gases and materials. The Lamp exploded due to a defect in the design, material, manufacturing and/or workmanship of the Lamp.

10. The Lamp explosion ignited a fire (hereinafter "the Fire") that consumed the Warehouse and substantially all of its contents, including approximately 52,000 newly finished lawn mowers, snow blowers, and other materials owned by Briggs & Stratton. The Fire was one of the largest building fires in Tennessee history.

11. Pursuant to the terms of the Policy, Briggs & Stratton has been or will be reimbursed by Factory Mutual for losses suffered as a result of the fire including, but not limited to, damage to property and extra expense damages. To date, Factory Mutual has paid to Briggs & Stratton Twenty Four Million Five Hundred Sixty Five Thousand Two Hundred Forty Seven and No/100 ($24,565,247.00) Dollars.

12. To the extent of payments made by Factory Mutual to Briggs & Stratton, Factory Mutual is subrogated to all rights and claims Briggs & Stratton has against Defendants.

### COUNT I - *Negligence*

13. Plaintiff re-alleges and incorporates each and every paragraph of this Complaint as if set forth fully herein.

14. The Defendants owed a duty to Plaintiff to use ordinary and/or reasonable care in designing, manufacturing, and supplying the Lamp used at the Warehouse, such that it would be free from defects in design, material, manufacture and/or workmanship. The Defendants further

owed the Plaintiff a duty to warn the Plaintiff of any dangerous defects or conditions in the Lamp which the Defendants knew or should have known existed.

15. The Defendants breached their duties to the Plaintiff, and as a result Plaintiff has been damaged in an amount to be proven at trial but presently estimated to be Twenty Four Million Five Hundred Sixty Five Thousand Two Hundred Forty Seven and No/100 ($24,565,247.00) Dollars.

## COUNT II - *Strict Liability*

16. Plaintiff re-alleges and incorporates each and every paragraph of this Complaint as if set forth fully herein.

17. At all times relevant hereto, the Defendants were engaged in the business of designing, manufacturing, selling, and delivering lamps such as the Lamp in question.

18. Defendants are strictly liable to Plaintiff for designing, manufacturing, selling, and delivering the Lamp which was unreasonably dangerous and in a defective condition when it left the control of the Defendants and which proximately caused Plaintiff's losses and damages while the Lamp was being used for its ordinary, intended purpose and in an ordinary, intended manner.

19. At all times relevant hereto, Plaintiff was unaware of the defective and unreasonably dangerous condition of the Lamp designed, manufactured, sold, and delivered by the Defendants.

20. As a result of the defective and unreasonably dangerous condition of the Lamp, Plaintiff has been damaged in an amount to be proven at trial but presently estimated to be Twenty Four Million Five Hundred Sixty Five Thousand Two Hundred Forty Seven and No/100 ($24,565,247.00) Dollars.

### COUNT III - *Breach of Implied Warranty of Merchantability*

21. Plaintiff re-alleges and incorporates each and every paragraph of this Complaint as if set forth fully herein.

22. The Defendants are Merchants with respect to lamps and with respect to the Lamp in question.

23. The Defendants impliedly warranted that the Lamp was merchantable.

24. The Defendants breached the implied warranty of merchantability with respect to the Lamp in question.

25. As a result of the Defendants' breach of the implied warranty of merchantability, the Lamp exploded.

26. As a result of the Lamp's explosion, Plaintiff has been damaged in an amount to be proven at trial but presently estimated to be Twenty Four Million Five Hundred Sixty Five Thousand Two Hundred Forty Seven and No/100 ($24,565,247.00) Dollars.

### COUNT IV - *Breach of Implied Warranty of Fitness for a Particular Purpose*

27. Plaintiff re-alleges and incorporates each and every paragraph of this Complaint as if set forth fully herein.

28. The Defendants knew or reasonably should have known that the Lamp in question would be used for its particular purpose as a Lamp.

29. The Defendants impliedly warranted that the Lamp was in a condition that was suitable for its particular purpose.

30. The Defendants breached the implied warranty of fitness for a particular purpose by designing, manufacturing, selling, and delivering the Lamp that was not suitable for the particular purpose for which it was intended.

31. As a result of the Defendants' breach of the implied warranty of fitness for a particular purpose, the Lamp exploded.

32. As a result of the Lamp's explosion, Plaintiff has been damaged in an amount to be proven at trial but presently estimated to be Twenty Four Million Five Hundred Sixty Five Thousand Two Hundred Forty Seven and No/100 ($24,565,247.00) Dollars.

**COUNT V –** *Gross Negligence*

33. Plaintiff re-alleges and incorporates each and every paragraph of this Complaint as if set forth fully herein.

34. Prior to the fire, the Defendants had actual knowledge regarding the inherent risk of danger associated with the use of metal halide lamps, including the significant and appreciable risk of those lamps exploding, rupturing, or breaking violently thereby causing injury to persons and damage to property. In addition, prior to the fire, the Defendants had actual knowledge of the technology, method, and manner in which metal halide lamps could be made safe from the risk of fire, including but not limited to designing and manufacturing those lamps in a "protective shroud." As such, the Defendants were grossly negligent in designing, manufacturing, producing, assembling, distributing, marketing, and selling the Lamp prior to the fire in its defective and unreasonably dangerous condition.

35. The Defendants' design, manufacture, production, assembly, distribution, marketing, and sale of the Lamp was done with utter lack of concern for the safety of others, and was done with such reckless disregard for the rights of others so that their conduct constituted a conscience indifference to the foreseeable consequences caused by the Lamp and other metal halide lamps.

36. As a result of the Defendants' gross negligence, the Lamp exploded.

37. As a result of the Lamp's explosion, Plaintiff has been damaged in an amount to be proven at trial but presently estimated to be Twenty Four Million Five Hundred Sixty Five Thousand Two Hundred Forty Seven and No/100 ($24,565,247.00) Dollars.

WHEREFORE, Plaintiff respectfully prays as follows:

1. That proper process issue and that the Defendants be served with a copy of this First Amended Complaint;

2. That it be awarded a judgment against the Defendants in an amount to be proven at trial but presently estimated to be Twenty Four Million Five Hundred Sixty Five Thousand Two Hundred Forty Seven and No/100 ($24,565,247.00) Dollars.

3. That it be awarded a judgment for its costs and expenses, including reasonable attorneys fees;

4. That it have such other, further and general relief to which it may be entitled; and

5. **That a jury be empanelled to try all issues.**

Respectfully submitted,

SMITH, CASHION & ORR PLC

By

 s/ Jefferson C. Orr
Jefferson C. Orr, #12743
SMITH CASHION & ORR, PLC
231 Third Avenue North
Nashville, Tennessee  37201
Telephone:   (615) 742-8555
Facsimile:    (615) 742-8556
jorr@smithcashion.com
*Attorney for the Plaintiff Factory Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document has been forwarded if registered, via the Court's electronic filing system, or, if not registered, sent via regular Unites States Mail, postage prepaid to the following:

Lela M. Hollabaugh  
James M. Doran, Jr.  
Waller Lansden Dortch & Davis, LLP  
511 Union St.  
Suite 2700  
Nashville, TN 37219  
(615) 244-6380 – Tel  
(615) 244-6804 – Fax  
Lela.hollabaugh@wallerlaw.com  
Jim.doran@wallerlaw.com  
*Attorneys for Defendants*

Andrew Chamberlin  
Ellis & Winters, LLP  
333 N. Greene St.  
Suite 200  
Greensboro, NC 27401  
(336) 217-4195 – Tel  
(336) 217-4198 – Fax  
Andrew.chamberlin@elliswinters.com  
*Co-Counsel for Defendants*

This 6th day of April, 2010.

                                              s/ Jefferson C. Orr