IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FACTORY MUTUAL INSURANCE COMPANY**, as Subrogee of Briggs & Stratton Power Products Group, LLC, and Briggs & Stratton Corporation,<br><br>**Plaintiff,**<br><br>v.<br><br>**OSRAM SYLVANIA, INC. and OSRAM SYLVANIA PRODUCTS, INC.**<br><br>**Defendant.** | Case No. 1:10-cv-01028-JDB-egb<br>**JURY DEMAND**<br>Judge J. Daniel Breen<br>Magistrate Judge Edward G. Bryant |

### ANSWER OF DEFENDANT OSRAM SYLVANIA, INC. TO SECOND AMENDED COMPLAINT

COMES NOW Defendant Osram Sylvania, Inc., by and through its attorneys, to respectfully allege, upon information and belief, its Answer to Plaintiff's Second Amended Complaint, as set forth below. By adopting the headings set forth by the Second Amended Complaint for organizational purposes only, Defendant does not admit any of the allegations set forth therein. Unless expressly admitted herein, Defendant denies each and every allegation set forth in Plaintiff's Second Amended Complaint.

### MOTION TO DISMISS

Defendant Osram Sylvania, Inc. is not a proper party to this lawsuit. Defendant Osram Sylvania, Inc. did not design, manufacture, sell, deliver, or warrant the product at issue. Therefore, the Second Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the

3684339.1

Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted as to Osram Sylvania, Inc.

## THE PARTIES

1. Defendant lacks sufficient information to admit or deny the allegations of Paragraph No. 1 of the Second Amended Complaint.

2. Defendant lacks sufficient information to admit or deny the allegations of Paragraph No. 2 of the Second Amended Complaint.

3. The allegations of Paragraph No. 3 of the Second Amended Complaint are admitted.

4. The allegations of Paragraph No. 4 of the Second Amended Complaint are admitted.

## JURISDICTION AND VENUE

5. The allegations of Paragraph No. 5 of the Second Amended Complaint are admitted.

6. The allegations of Paragraph No. 6 of the Second Amended Complaint are admitted.

## FACTUAL BACKGROUND

7. The allegations of Paragraph No. 7 of the Second Amended Complaint are admitted upon information and belief.

8. The allegations of Paragraph No. 8 of the Second Amended Complaint are denied.

9. The allegations of Paragraph No. 9 of the Second Amended Complaint are denied.

10. It is admitted that the Warehouse, as that term is defined in the Second Amended Complaint, caught fire and was largely consumed. Defendants lack sufficient information to

admit or deny the remaining allegations of Paragraph No. 10 of the Second Amended Complaint, but deny any implication that any lamp manufactured by Osram Sylvania Products, Inc., caused the fire. Except as expressly admitted, the allegations of Paragraph No. 10 of the Second Amended Complaint are denied.

11.     Defendant lacks sufficient information to admit or deny the allegations of Paragraph No. 11 of the Second Amended Complaint.

12.     Defendant lacks sufficient information to admit or deny the allegations of Paragraph No. 12 of the Second Amended Complaint.

## COUNT I – Negligence

13.     Defendant repeats and re-alleges its responses to Paragraph Nos. 1 through 12 of Plaintiff's Second Amended Complaint as if fully set forth herein.

14.     The allegations of Paragraph No. 14 of the Second Amended Complaint are denied.

15.     The allegations of Paragraph No. 15 of the Second Amended Complaint are denied.

## COUNT II – Strict Liability

16.     Defendant repeats and re-alleges its responses to Paragraph Nos. 1 through 15 of Plaintiff's Second Amended Complaint as if fully set forth herein.

17.     The allegations of Paragraph No. 17 of the Second Amended Complaint are denied.

18.     The allegations of Paragraph No. 18 of the Second Amended Complaint are denied.

19. The allegations of Paragraph No. 19 of the Second Amended Complaint are denied.

20. The allegations of Paragraph No. 20 of the Second Amended Complaint are denied.

### COUNT III – Breach of Implied Warranty of Merchantability

21. Defendant repeats and re-alleges its responses to Paragraph Nos. 1 through 20 of Plaintiff's Second Amended Complaint as if fully set forth herein.

22. The allegations of Paragraph No. 22 of the Second Amended Complaint are denied.

23. The allegations of Paragraph No. 23 of the Second Amended Complaint are denied.

24. The allegations of Paragraph No. 24 of the Second Amended Complaint are denied.

25. The allegations of Paragraph No. 25 of the Second Amended Complaint are denied.

26. The allegations of Paragraph No. 26 of the Second Amended Complaint are denied.

### COUNT IV – Breach of Implied Warranty of Fitness for a Particular Purpose

27. Defendant repeats and re-alleges its responses to Paragraph Nos. 1 through 26 of Plaintiff's Second Amended Complaint as if fully set forth herein.

28. The allegations of Paragraph No. 28 of the Second Amended Complaint are denied.

29. The allegations of Paragraph No. 29 of the Second Amended Complaint are denied.

30. The allegations of Paragraph No. 30 of the Second Amended Complaint are denied.

31. The allegations of Paragraph No. 31 of the Second Amended Complaint are denied.

32. The allegations of Paragraph No. 32 of the Second Amended Complaint are denied.

### COUNT V – Gross Negligence

33. Defendant repeats and re-alleges its responses to Paragraph Nos. 1 through 32 of Plaintiff's Second Amended Complaint as if fully set forth herein.

34. The allegations of Paragraph No. 34 of the Second Amended Complaint are denied.

35. The allegations of Paragraph No. 35 of the Second Amended Complaint are denied.

36. The allegations of Paragraph No. 36 of the Second Amended Complaint are denied.

37. The allegations of Paragraph No. 37 of the Second Amended Complaint are denied.

### **AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that one or more of the following affirmative defenses should be available to the Defendant in this matter. The Defendant accordingly reserves the right to assert these separate and additional defenses. Upon completion of

discovery, if the facts warrant, Defendant may withdraw any of these additional defenses as may be appropriate. Defendant further reserves the right to amend its answer and defenses and to assert additional defenses and other claims, as this matter proceeds.

1. The Second Amended Complaint fails to state a claim or cause of action upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations and/or statute of repose contained in the Tennessee Products Liability Act of 1978, TCA § 29-28-101, *et seq.* and the Uniform Commercial Code, TCA § 47-1-101, *et seq.*

3. The acts and omissions of Briggs & Stratton Power Products Group, LLC and/or Briggs & Stratton Corporation caused and/or contributed to the alleged damages, thereby barring or reducing Plaintiff's recovery pursuant to the doctrine of comparative fault. Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with comparative fault.

4. Defendant avers that Plaintiff's alleges damages resulted from the misuse or misapplication of the product thereby barring Plaintiff's recovery pursuant to the Tennessee Products Liability Act of 1978, TCA § 29-28-101, *et seq.*

5. Defendant avers that the product at issue was neither defective nor unreasonably dangerous and was accompanied with adequate warnings and instructions at the time it left the hands of Osram Sylvania Products, Inc., thereby barring Plaintiff's recovery pursuant to the provisions of the Tennessee Products Liability Act of 1978, TCA § 29-28-101, *et seq.*

6. Defendant avers that the product in question was manufactured in accordance with the state of the art and the state of available scientific and technical knowledge at the time of its manufacture and sale and conformed to the customary designs, methods, standards and

techniques of manufacturing, inspecting and testing of other manufacturers of similar products, thereby barring Plaintiff's recovery pursuant to the Tennessee Products Liability Act of 1978, TCA § 29-28-101, *et seq.*

7. Defendant avers that the product complied with all applicable product safety regulations, that compliance demonstrates that due care was exercised with respect to the design, manufacture, testing and marketing the product and that it was neither defective nor unreasonably dangerous, thereby barring Plaintiff's recover pursuant to the provisions of Tennessee Products Liability Act of 1978, TCA § 29-28-101, *et seq.*

8. Defendant avers that Plaintiff's damages were caused by the fault of others not under the direction and control of Defendants, including Briggs & Stratton Power Products Group, LLC; Briggs & Stratton Corporation; Factory Mutual Insurance Company; Dyersburg Realty Group, LLC; Tower Dyersburg, LLC; and/or DM Dyersburg, LLC.  Defendant avers that these parties were negligent in the manner in which they selected the premises, inspected the premises, and maintained the premises.  Further, these parties were negligent manner in which they converted the facility from factory use to warehouse use, including operating the premise prior to the installation and testing of the required fire protection engineering materials. Therefore, Plaintiff's recovery is barred or reduced pursuant to the doctrine of comparative fault.

9. Defendant avers that the fire was not caused by a Sylvania arc tube, but if it was, then the arc tube should have been completely contained by the fixture lens manufactured by Day-Brite Lighting.  According, Defendant further avers that the Plaintiff's damages were caused by the fault of the manufacturer of the light fixtures in the building, thereby barring or reducing the Plaintiff's recovery pursuant to comparative fault.

10. Defendant avers that the fire was not caused by a Sylvania arc tube, but if it was, then the product was improperly used by Briggs & Stratton Power Products Group, LLC; Briggs & Stratton Corporation; Factory Mutual Insurance Company; Dyersburg Realty Group, LLC; Tower Dyersburg, LLC; and/or DM Dyersburg, LLC, thereby barring or reducing the Plaintiff's recovery pursuant to comparative fault.

11. Defendant avers that the Second Amended Complaint fails to state a claim for which relief may be granted for punitive damages.

12. Defendant denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been produced to support or sustain the imposition of punitive damages pursuant to Tennessee law.

13. Permitting the recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate Defendant's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution, would violate Defendant's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, and would contravene other provisions of the United States Constitution and the Tennessee Constitution.

14. Any award of punitive damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore,* 51 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008); *Hodges v. S.C. Toof & Co.*, 833 S. W. 2d 896 (Tenn. 1992).

15. Defendant moves for bifurcation of the issue of punitive damages pursuant to *Hodges v. S.C. Toof & Co.*, 833 S.W. 2d 896 (Tenn. 1992).

WHEREFORE, the Defendants request that this Honorable Court:

1. That Plaintiff have and recover nothing;

2. That Plaintiff's Second Amended Complaint be dismissed with prejudice;

3. That the costs of this action be taxed against Plaintiff;

4. That reasonable attorneys fees be awarded to these Defendants;

5. For a trial by jury; and

6. For such other and further relief that the Court may deem as just and proper.

Dated: April 20, 2010

    Respectfully submitted,

    s/ Lela M. Hollabaugh
    James M. Doran, Jr. (BPR# 2368)
    Lela M. Hollabaugh (BPR# 14894)
    WALLER LANSDEN DORTCH & DAVIS, LLP
    511 Union Street, Suite 2700
    Nashville, Tennessee 37219-8966
    Telephone: (615) 244-6380

    Andrew S. Chamberlin
    ELLIS &WINTERS
    333 N. Greene Street, Suite 200
    Greensboro, NC 37401
    Telephone: (336) 217-4195

    *Attorneys for Defendant Osram Sylvania, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded if registered, via the Court's electronic filing system, or if not registered, sent via First Class United States Mail, postage prepaid to the following on this the 20th day of April, 2010:

Jefferson C. Orr
SMITH CASHION & ORR, PLC
231 Third Ave. North
Nashville, TN  37201

s/Lela M. Hollabaugh